## T. T. Teel *v.* The State.

BAIL-BOND. — The condition of a bail-bond required the principal obligor to appear on a day certain "before the District Court at Brackett, to answer," etc. *Held,* that the bond is fatally defective because it fails to state the term of the court and the name of the court and county at which the principal obligor was bound to make his appearance.

APPEAL from the District Court of Kinney. Tried below before the Hon. E. DOUGHERTY.

The charge against Longworth, the principal obligor, was obtaining money under false pretenses. The town of Brackett is the county seat of Kinney County.

*Coopwood & Stewart,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was one of three sureties on an appearance bond of one William Longworth, which was forfeited by the principal, and a judgment *nisi* entered against principal and sureties, and *scire facias* ordered to issue against them returnable to the next term of the court.

It does not appear from the transcript that the writs of *scire facias* were ever issued and served, or that process was waived; but the appellant interposed a motion to set aside the judgment *nisi* on grounds of insufficiency of the bond, among which are the following: "That it does not appear from the face of the bond the place where the accused binds himself to appear," and because "said bond fails to show in what court said principal is bound to appear." This motion is indorsed "Exceptions," and is so denominated afterwards.

In the judgment entry is the following, the word "exceptions" having been omitted, as we must suppose: "And the defendants' (exceptions) to the appearance bond having

been presented to the court, and having heard the argument of counsel, it is considered by the court that the law is with the state, and it is therefore ordered and adjudged that said exceptions be overruled; and, the defendants having been thrice called at the court-house door, and failed to answer further, it is further considered, ordered, and adjudged by the court that the judgment *nisi* hereinbefore rendered be made final," and proceeding with a formal judgment for the penalty and costs. The appellant, by his attorney, in open court gave notice of appeal, and gave bond for that purpose, and, among others, has assigned as error the overruling his exceptions to the appearance bond, and in entering judgment final thereon.

Several errors are apparent which would require a reversal of the judgment so far as this appellant is concerned, but which would not finally dispose of the case. But, in our opinion, the appearance bond is deficient in a material point, and so much so as to defeat any recovery upon it, in that it does not sufficiently state the time and place when and where the accused binds himself to appear, and the court before which he is to appear. Pasc. Dig., art. 2732, subdiv. 5.

The bond is conditioned that the accused " shall well and truly be and appear before the District Court at Brackett, on the 17th day of August, 1874, to answer," etc.

The statute provides that, " in stating the time, it shall be sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court and the county." The bond fails to specify the term of the court, or the name of the court and county, and is, therefore, wholly insufficient to support any judgment which might be rendered upon it. Other objections to the bond have not been considered, for the reason that the one pointed out is fatal to the action; and, therefore, the judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*